# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7474 | **DATE** | 10/2/2012 |
| **CASE TITLE** | Reginald Smith (N-83733) vs. Frederick Behm, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's complaint does not plausibly suggest any valid claim for relief and is also factually frivolous.  Therefore, the instant action is dismissed.  Since the instant action is both legally and factually frivolous, the dismissal of the instant action constitutes a "strike" for the purposes of 28 U.S.C. § 1915(g).  The instant motion [3] and any other pending motions [4], [5] are denied as moot.  Civil case terminated.

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

This matter is before the court on Plaintiff Reginald Smith's (Smith) motion  for leave to proceed *in forma pauperis*.  Pursuant to 28 U.S.C. § 1915, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action is frivolous or malicious; [or]. . . fails to state a claim on which relief may be granted. . . ."  28 U.S.C. § 1915(e)(2)(B).  Since Smith is proceeding *pro se*, the court will liberally construe his complaint and make reasonable inferences in his favor.

Smith indicates in his complaint that he is incarcerated and that he is suing various health services and health officials for violating his constitutional rights.  However, Smith fails to allege facts that would plausibly suggest any violation of his constitutional rights.  Smith doesn't sufficiently describe an objectively serious medical condition or sufficiently allege facts indicating that he was unconstitutionally denied medical treatment.  *See McGowan v. Hulick*, 612 F.3d 636, 640-41 (7th Cir. 2010)(indicating that a plaintiff must allege both an objectively serious medical need and the defendant's deliberate indifference to that need).  In fact, Smith alleges facts suggesting that he has received extensive medical treatment during his incarceration, as well as various medical tests to diagnose any medical problems.

## STATEMENT

In addition, certain of Smith's allegations are factually frivolous. *See Edwards v. Snyder*, 478 F.3d 827, 829-30 (7th Cir.2007)(stating that "[a] claim is factually frivolous if its allegations are bizarre, irrational or incredible" and quoting *Denton v. Hernandez,* 504 U.S. 25, 33 (1992) for the proposition that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"). For example, Smith alleges that the University of Illinois Laboratory conspired with doctors at his place of incarceration relating to "adequate lab results," although Smith does not identify the purpose of the alleged conspiracy. The court notes that Smith also states in his complaint that he is suing "U OF I THE INSURANCE COMPANY WITCH INSURANCE U OF I FOR 500 ZILLION U.S. DOLLARS . . . EACH DOCTOR FOR 2 MILLION DOLLAR AND I AM REWARDING THE JUDGE 5 MILLION EARN DOLLARS FOR TAKING THE TIME TO HEAR THIS CASE AND REWARDING THE CLERK THOMAS G BRUTON THE CLERK 1 MILLION DOLLARS FOR BEING PROFESSIONAL AND DOWN TO EARTH ABOUT HIS JOB!" (Compl. 6).

As discussed above, Smith's complaint does not plausibly suggest any valid claim for relief and is also factually frivolous. Therefore, the instant action is dismissed. Since the instant action is both legally and factually frivolous, the dismissal of the instant action constitutes a "strike" for the purposes of 28 U.S.C. § 1915(g). The instant motion and any other pending motions are denied as moot.